UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERRY PAGAN,

                              Plaintiff,

                    -against-

DOC OMH AGENCIES; USA INVOLVED
PERSONS; ANY ASSIGNED PERSONS
KIRBY PSYCHIATRIC CENTER; SEARS;
YACUBIE NADIR; DOE OFFICERS MAN-
WOMAN; MHLS TREATMENT TEAM,

                              Defendants.

22-CV-1352 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is a pretrial detainee currently housed in the Kirby Psychiatric Center,

brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his

constitutional rights. By order dated March 18, 2022, the Court granted Plaintiff's request to

proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the reasons set forth

below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of

this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Named as Defendants in this complaint are "DOC OMH Agencies"; "USA Involved Persons"; "Any Assigned Persons Kirby Psychiatric Center"; a Kirby staff member named Sears;

DOC Officers "Man-Woman"; the "MHLS Treatment Team," and Yacubie Nadir, another Kirby resident. Plaintiff alleges that, on January 19, 2022, Sears saw Nadir follow Plaintiff into the bathroom and assault and injure him. (ECF 2 ¶ V.) Plaintiff appears to allege that, on another occasion, Nadir used a "shank" on him; that Plaintiff used his "broken glasses" to defend himself; and that he made several complaints to the "Justice Department," but "the doctor" failed to move Plaintiff away from Nadir. (*Id.*) Plaintiff seeks money damages and to be "removed from the place of incident." (*Id.* ¶ VI.)

## DISCUSSION

### A.    Failure-to-protect claim

The Court construes the complaint as asserting constitutional claims under 42 U.S.C. § 1983. A plaintiff proceeding under Section 1983 must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff appears to allege that Defendants failed to protect him from Nadir. A pretrial detainee's claim of deliberate indifference to his safety arises under the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29, 33 n.9 (2d Cir. 2017). To state such a claim, a prisoner must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions of confinement are sufficiently serious, and (2) a "mental" element, which requires a showing that defendant acted with at least deliberate indifference to those conditions. *Darnell*, 849 F.3d at 29, 33 n.9.

To satisfy the objective element, a prisoner must plead facts that "show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his

3

health" or safety. *Id.* at 30 (internal quotation marks and citations omitted). To satisfy the mental element, a pretrial detainee must allege facts showing that a jail official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The negligence of a jail official is not a basis for a Section 1983 claim for a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Darnell*, 849 F.3d at 36 ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence.").

It does not appear that Sears or any other Kirby employee had reason to know that Plaintiff's safety was at risk by being in Nadir's presence prior to the first assault. But Plaintiff's allegations that he complained about the first assault and that no action was taken to protect him from future harm from Nadir arguably state a claim that Defendants failed to protect him: that Defendants knew, or should have known, that Plaintiff faced a condition posing an unreasonable risk to his safety and failed to take any action to mitigate that risk.

**B.    Personal involvement of individual state defendants**

Under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff

4

must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names as defendants "Sears," unidentified (Doe) Kirby staff and officers, and the "MHLS Treatment Team," but he does not allege any facts explaining who these individuals are and the manner in which any of them were personally involved in what occurred. Plaintiff alleges that a Kirby doctor failed to move him after Nadir assaulted him, which resulted in Nadir assaulting him again, but it is not clear whether that doctor is among the named defendants. The Court grants Plaintiff leave to amend his complaint to provide facts showing how each individual defendant was personally involved in violating his constitutional rights.[2]

## C.    City and state agencies

### 1.    New York State Office of Mental Health (OMH)

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

---

[2] Plaintiff names as a defendant Yacoubie Nadir, the fellow patient who allegedly assaulted him. Because Nadir is a private individual, Plaintiff cannot assert a Section 1983 claim against him, but Plaintiff may be able to assert a state law claim against him, which the Court could consider under its supplemental jurisdiction, 28 U.S.C. § 1367, if Plaintiff submits an amended complaint stating a federal claim.

Plaintiff's Section 1983 claims against OMH, which oversees Kirby, are therefore barred by the Eleventh Amendment and are dismissed.

### 2.    New York City Department of Correction and New York City

Any claims Plaintiff is asserting against the New York City Department of Correction (DOC) must be dismissed because it is an agency of the City of New York and is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

Any claim that Plaintiff intended to bring against the DOC must therefore be brought against the City of New York. Plaintiff should note, however, that, when a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town*

*of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

If Plaintiff seeks to sue the City of New York, he should provide facts in an amended complaint showing, in connection with any claims against the City of New York, that a municipal policy, custom, or practice caused the violation of his constitutional rights.

**D.      Constitutional claims against federal actors**

The Court construes Plaintiff's claims against "USA Involved Persons" as asserting constitutional claims against individual federal actors under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [42 U.S.C. § 1983]."). To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389).[3]

Generally, there is no constitutional or statutory right to an investigation by government officials. *See DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 195-96 (1989) (the Due Process Clause generally confers no affirmative right to governmental assistance);

---

[3] The Supreme Court has recognized implied causes of action under *Bivens* in three contexts: (1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971); (2) employment discrimination under the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) inadequate medical treatment of a convicted prisoner under the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980). *See Ziglar*, 137 S. Ct. at 1854-55. If a claim arises in a "new context" because it differs meaningfully from a recognized *Bivens* claim, the Court must determine if it is appropriate to imply a new private right of action, including asking whether there are "special factors counselling hesitation" in doing so. *Id.* at 1857.

*Bender v. City of New York*, 09-CV-3286, 2011 WL 4344203, at \*10 (S.D.N.Y. Sept. 14, 2011) (no right to an investigation by government officials or agencies). Any *Bivens* claim that Plaintiff may be asserting against Justice Department employees in their individual capacities must therefore be dismissed because Plaintiff has no enforceable right under a federal statute or the constitution to have government officials investigate his allegations. *See Hunt v. Delvecchio*, No. 10-CV-686, 2010 WL 2948573, at \*6 (N.D.N.Y. July 1, 2010) ("Because plaintiff has neither a right enforceable by statute nor a right under the constitution to a particular investigation, his claims against a federal agency and individual federal actors may be dismissed.").

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as the defendants in the caption[4] and in the statement of claim those

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all

individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does

not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe"

in both the caption and the body of the amended complaint.[5] The naming of John Doe

defendants, however, does *not* toll the three-year statute of limitations period governing this

action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe"

defendants and amending his complaint to include the identity of any "John Doe" defendants

before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party

after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of

the Federal Rules of Civil Procedure. In the "Statement of Claim" section of the amended

complaint form, Plaintiff must provide a short and plain statement of the relevant facts

supporting each claim against each defendant. If Plaintiff has an address for any named

defendant, Plaintiff must provide it. Plaintiff should include all of the information in the

amended complaint that Plaintiff wants the Court to consider in deciding whether the amended

complaint states a claim for relief. That information should include:

   a) the names and titles of all relevant people;

   b) a description of all relevant events, including what each defendant did or failed to do,
      the approximate date and time of each event, and the general location where each
      event occurred;

   c) a description of the injuries Plaintiff suffered; and

   d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory
      relief.

---

defendants, he should write "see attached list" on the first page of the amended complaint. Any
defendants named in the caption must also be discussed in Plaintiff's statement of claim.

   [5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on
duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-1352 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 18, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


                              -against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)


**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes      ☐ No


---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                                State                        Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____